IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SANDY JIMENEZ<br><br>    Plaintiff,<br><br>vs.<br><br>MASSARI LLC, d/b/a COCONUT GROVE SMOKE SHOP, and ABDUALLAH JAMHOUR, an individual,<br><br>    Defendants. | Case No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SANDY JIMENEZ ("JIMENEZ" or "Plaintiff"), by and through his undersigned attorney, sues the Defendants, MASSARI LLC, d/b/a COCONUT GROVE SMOKE SHOP, a Florida Limited Liability Company, ("SMOKE SHOP") and ABDUALLAH JAMHOUR, individually ("JAMHOUR"), (collectively "Defendants"), and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against the Defendants, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Defendant SMOKE SHOP is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not

§

isolated activity within this judicial district.

4. Defendant SMOKE SHOP is also subject to the personal jurisdiction of the United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   - The unlawful pay practices alleged herein occurred in Lee County, Florida, in the Middle District of Florida;
   - At all times material hereto, Defendant SMOKE SHOP continues to be a Florida Limited Liability Company doing business within this judicial district.
   - Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

7. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

8. SMOKE SHOP was, and continues to be, a Florida LLC engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Cape Coral, Florida.

9. Upon information and belief, Defendant JAMHOUR is the owner of SMOKE SHOP and is a resident of Lee County, Florida.

## FLSA COVERAGE

### Enterprise Coverage

10. At all times material, Defendant SMOKE SHOP employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

11. At all times material, Defendant SMOKE SHOP had gross sales volume of at least $500,000 annually.

12. At all times material, Defendant SMOKE SHOP was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Defendant SMOKE SHOP is an employer covered by the FLSA.

### Individual Coverage

14. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out of state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods and handled funds that traveled through interstate commerce to perform his work.

15. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendant.

### Individual Liability – Defendant JAMHOUR

16. At all times material, Defendant JAMHOUR was the owner of the SMOKE SHOP.

17. At all times material, Defendant JAMHOUR regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations

of SMOKE SHOP.

18. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SMOKE SHOP, JAMHOUR is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM
### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

19. Plaintiff realleges Paragraphs 1 through 18 as if fully stated herein.

20. Defendant SMOKE SHOP is an e-cigarette and vaporizer retailer and lounge.

21. On or around June 26, 2022, Defendants hired Plaintiff as a Cashier and Stocker.

22. Plaintiff was paid on an hourly basis. Plaintiff also received occasional bonuses.

23. Plaintiff worked between 50 and 60 hours each week, typically 12 hours per day.

24. On or around November 30, 2022, Plaintiff's employment ceased.

25. From Plaintiff's date of hire with Defendants until the end of his employment, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

26. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

"

27. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by his failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

- Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;
- Awarding Plaintiff overtime compensation in an amount according to proof;
- Awarding Plaintiff liquidated damages in an equal amount to

- unpaid overtime;
- Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
- Awarding Plaintiff post-judgment interest; and
- Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 12, 2023

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Adam C.R. Heisner
Fla. Bar No. 124727
Email: Adam@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017